UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LAUREN HENSLEE, | ) Civil Action No.: 4:20-cv-04340-TER |
| Plaintiff, | ) |
| | ) **ORDER** |
| -vs- | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits(DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

### I. RELEVANT BACKGROUND

**A.   Procedural History**

Plaintiff filed an application for DIB in April 2018, alleging disability beginning on October 9, 2017. Her claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was in December 2019, at which time Plaintiff and a VE testified. (Tr. 16). The Administrative Law Judge (ALJ) issued an unfavorable decision on March 12, 2020, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 32). Plaintiff filed a

---

[1] Kilolo Kijakazi is the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted for Defendant Andrew Saul who was the Commissioner of Social Security when this action was filed.

request for review of the ALJ's decision, which the Appeals Council denied in October 2020. (Tr. 1-3). In December 2020, Plaintiff filed this action. (ECF No. 1).

**B.     Plaintiff's Background and Medical History**

Plaintiff was born on February 16, 1987, and was thirty years old on the alleged onset date. (Tr. 31). Plaintiff has past relevant work of grant coordinator, catering sales person, and medical assistant. (Tr. 30-31). Plaintiff initially alleged disability due to stroke. (Tr. 78).

**C.     The ALJ's Decision**

In the March 2020 decision, the ALJ made the following findings of fact and conclusions of law (Tr. 116-32):

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2023 (Exhibit 7D).

2.  The claimant has not engaged in substantial gainful activity since October 9, 2017, the alleged onset date (20 CFR 404.1571 *et seq.*).

3.  The claimant has the following severe impairments: status post cerebrovascular accident, seizure disorder, adjustment disorder with mixed anxiety and depressed mood, and neurocognitive disorder (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) (lift 20 pounds occasionally and 10 pounds frequently; stand six of eight hours; walk six of eight hours; sit six of eight hours) except that the claimant can only frequently push/pull with the left upper extremity; the claimant can never climb ropes, ladders or scaffolds or be exposure to hazards (unprotected heights and dangerous moving machinery); the claimant can occasionally crawl; the claimant can frequently climb ramps/stairs, balance, kneel, stoop, and crouch; the claimant can

      frequently handle and finger with the left upper extremity; the claimant must avoid concentrated exposure to noise; the claimant can perform simple, routine, repetitive work, with a reasoning level up to and including level 3, on a sustained basis (8 hours per day, 5 days per week, in 2-hour increments with normal breaks for an 8-hour day); the claimant should not have any decision-making required in a job and only occasional changes in a work setting; and the claimant requires a low stress work environment (defined as non-production work, specifically no fast-paced work like an assembly line where one has to produce a product in a high-speed manner).

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on February 16, 1987 and was 30 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 9, 2017, through the date of this decision (20 CFR 404.1520(g)).

## II. DISCUSSION

Plaintiff argues the ALJ failed to reconcile opinion evidence relied on in formulating the RFC, specifically that the RFC allowed for jobs with detailed instructions. The Commissioner argues the decision was supported by substantial evidence.

**A.     LEGAL FRAMEWORK**

**1.     The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5)

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20

whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

2. **The Court's Standard of Review**

The Act permits a claimant to obtain judicial review of "any final decision of the

---

C.F.R. § 404.1520(h).

Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.     ANALYSIS**

**RFC**

Plaintiff argues the ALJ failed to reconcile opinion evidence relied on in formulating the

RFC, specifically that the RFC allowed for jobs with detailed instructions.

An adjudicator is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 416.946(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *2. This ruling provides that: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8, *7. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* Additionally, " 'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.' " *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (*quoting Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision. *See Craig*, 76 F.3d at 595.

The ALJ's RFC finding pertinent here is: "can perform simple, routine, repetitive work, with a reasoning level up to and including level 3." (Tr. 21).

In the RFC narrative, the ALJ noted the state agency non-examining psychological consultants findings were <u>consistent</u> with the medical evidence and consistent with Plaintiff's activities, except the opinions were unpersuasive only as to interacting with others. (Tr. 29). The ALJ separately noted the reconsideration level consultant's opinion was persuasive due to deficits in Plaintiff's processing speed, multitasking, and planning. (Tr. 30). The ALJ cited in part what the

consultants opined:

> At the initial level, the State agency psychological consultant determined that the claimant could understand and remember simple instructions, could attend to and perform simple, unskilled tasks, could maintain concentration and attention for periods of at least two hours, could respond appropriately to supervision, co-workers and usual work situations, would perform best in setting that do not require ongoing interaction with the public, and was able to be aware of normal hazards and take appropriate precautions, use judgment to make simple work-related decisions, and respond appropriately to changes in a routine work setting (Exhibit 3A).

(Tr. 29). However, the ALJ failed to acknowledge the opinions— which he found consistent with the evidence and Plaintiff's activities— specifically opined that Plaintiff "could not understand and remember detailed instructions." (Tr. 96, 116)(emphasis added).

The ALJ then concluded that the RFC the ALJ found was supported by the opinions of the non-examining consultants, without addressing the conflicting RFC mental findings. (Tr. 30).

There are two opinions on record that Plaintiff cannot not carry out or understand detailed instructions. The ALJ expressly stated that those opinions supported the ALJ's RFC determination which actually found the opposite that Plaintiff could carry out detailed but uninvolved instructions(reasoning level two) and all types of instructions in various forms (reasoning level three: "to carry out instructions furnished in written, oral, or diagrammatic form"). *See* DOT, App. C, 1991 WL 688702. The VE opined and the ALJ found two reasoning level two jobs and one reasoning level three job at Step Five. (Tr. 32). The ALJ does not explain why such limit of could not understand/remember detailed instructions was excluded or resolve the inconsistency between the RFC determined and the opinions, which the ALJ simply states support the ALJ's RFC.

Defendant's arguments citing to case law that found no conflict between simple tasks RFCs and reasoning level two jobs is irrelevant here, because the issue here is the ALJ found two opinions

of "could not perform detailed instructions" as persuasive and supportive of the RFC, where the RFC found the opposite that Plaintiff could perform detailed instructions and up to all types of instructions. The ALJ failed to reconcile this conflict. The ALJ's statement that the opinions supported the RFC determined is not accurate. The VE testified to and the ALJ found two reasoning level two jobs at Step Five, thus creating outcome determinative error where opinions found by the ALJ as persuasive and supported stated Plaintiff could not perform detailed instructions, which are required of reasoning level two jobs.

The ALJ does not build an accurate and logical bridge from the evidence to his conclusion. *Woods v. Berryhill*, 888 F.3d at 686, 694 (4th Cir. 2018). It is not clear whether substantial evidence supports the ALJ's findings. The court cannot meaningfully review the ALJ's decision here where the court is left to guess how the ALJ arrived at the RFC determination with the persuasiveness given to the opinions. There may be substantial evidence to support the ALJ's findings and conclusions; however, the court is unable to conduct a proper review as presented.

The case is remanded for the ALJ to determine and explain the RFC finding in relation to the two opinions regarding no detailed instructions already credited by the ALJ and resolve any inconsistencies. The decision should provide substantial evidence underlying the ALJ findings. It does not do so here, and thus precludes this court from meaningful review.

## CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under

sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

|  |  |
|---|---|
| August 16, 2022<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |